53  383
87  234

[No. 6195.]

# DAVID MAHONEY, PETER DONAHUE, AND CAROLINE SHARP *v.* BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

EMINENT DOMAIN—*Construction of Act of March 27th, 1876, relative to San Francisco Water Works.*—The Act of March 27th, 1876, "to authorize the City and County of San Francisco to provide and maintain public water works for said City and County, and to condemn and purchase private property for that purpose," required the Mayor, District Attorney, and Auditor

(constituting a Board of Commissioners) " to enter into negotiation " with the owners of any land and water right, for the purchase of such land and water right, before taking any step toward the condemnation of the same.

SAME—NEGOTIATIONS.—The petition herein shows that a majority of the Commissioners never agreed among themselves on a price to offer for the lands and waters of petitioners, and fails to show, either, that petitioners ever offered to sell at any price, or refused to name a price: *held*, there was no such "negotiation" as authorized proceedings to condemn.

SAME—POWER OF BOARD TO ACT.—The act directed the Commissioners to examine all the water rights, etc., on the peninsula of San Francisco, or "*wherever* convenient to supply San Francisco," and authorized them to purchase any such right. The Commissioners having examined waters and water rights *not* upon the peninsula, refused to consider the propriety of purchasing such water or water rights, and made no effort to purchase water or water rights, except *on* the peninsula: *held*, that the event had not occurred which authorized the Commissioners to appoint persons to constitute a portion of a Board with power to condemn.

Original application for mandamus directing the defendants to proceed to act upon appointments made by the Mayor, Auditor, and District Attorney respectively, of Commissioners, in supposed condemnation proceedings under the Act of March 27th, 1876, " to authorize the City and County of San Francisco to provide and maintain public water works for said City and County, and to condemn and purchase private property for that purpose." The Feather River Water Company, by its President, John Mullan, filed a petition of intervention, asking that the Board of Water Commissioners be required to consider the advisability of purchasing the water rights of the intervenor on Putah Creek, Lake County. The defendants answered, excusing their refusal to act upon the ground that the act was unconstitutional. They moved to dismiss the petition.

*William Irvine*, for Petitioners.

*John Mullan*, for Intervenor.

*W. C. Burnett, City and County Attorney*, for Respondent.

By the Court, McKINSTRY J. :

1. The petition does not show that petitioners ever offered to sell at any price, or that they refused to name a price, and shows affirmatively that the Commissioners never determined on a price to offer for the lands and waters of petitioners.

There was, therefore, no such *negotiation* as is required by the second section of the Act of March 27th, 1876. Such negotiation is made a necessary preliminary to the appointment of a Board to condemn.

2. The act distinctly required that the Commissioners should make careful examination of all water rights, etc., on the peninsula of San Francisco, and "wherever convenient to supply San Francisco with water," and authorized them to purchase any such rights and property.

While it may be that the Court could not be called on to review the judgment of the Commissioners, or to hold that they should purchase one property instead of another, yet it is manifest that they were not empowered arbitrarily to refuse to consider the propriety of purchasing any one of the properties which they had examined.

It affirmatively appears from the petition that the Commissioners *made no effort* to agree as to price with the owners and claimants of any of the properties which they had examined *not upon the peninsula;* but that upon receiving the opinion of the City and County Attorney that they had no power to obtain a supply of water from those owning water rights *off* the peninsula, they confined their efforts to agree on a price, (whatever such efforts may have been) to those owning and claiming such rights *on* the peninsula.

As the Commissioners refused to consider the propriety of purchasing any water rights off the peninsula, and made no effort to purchase any such, it follows that they were not authorized to make appointments, or to take any step toward the condemnation of any particular land or water, and no duty was cast upon the Board of Supervisors to take action with reference to the appointments made by the Commissioners.

. Petition and intervention dismissed, and writ denied.